# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

NICK MICHAEL VERGOS,  :

    Plaintiff,  :

vs.  :  CA 18-0300-MU

NANCY A. BERRYHILL,  :
Acting Commissioner of Social Security,
                                              :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Nick Michael Vergos brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 20 (endorsed order of reference by District Judge Terry F. Moorer)). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the parties' arguments at the May 20, 2019 hearing before the undersigned, the Court concludes that

the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

## I. Procedural Background

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on or about January 30, 2015, alleging disability beginning on March 26, 2014. (*See* Tr. 220-26.) Vergos' claim was initially denied on April 20, 2015 (Tr. 124 & 141-45) and, following Plaintiff's June 17, 2015 written request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 148-49), a hearing was conducted before an ALJ on September 9, 2016 (Tr. 101-17). On April 13, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to disability insurance benefits. (Tr. 51-79.) More specifically, the ALJ determined that Vergos retains the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with minimal limitations, and can, therefore, perform his past relevant light work as a music teacher specialist (*see id.* at 60 & 77). On May 31, 2017, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 215); the Appeals Council denied Plaintiff's request for review on May 9, 2018 (Tr. 1-4). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to degenerative disc disease, chronic pain syndrome, major depressive disorder, and attention deficit disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

> **3.    The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).**
>
> .    .    .
>
> **4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).**
>
> .    .    .
>
> **5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except only occasional climbing, balancing and stooping; no kneeling, crouching or crawling; and no exposure to unprotected heights or hazardous machinery.**
>
> .    .    .
>
> **6.    The claimant is capable of performing past relevant work as a music teacher specialist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> .    .    .
>
> **7.    The claimant has not been under a disability, as defined in the Social Security Act, from March 26, 2014, through the date of this decision (20 CFR 404.1520(f)).**

(Tr. 53, 59, 60, 77 & 79 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age,

3

education and work experience, there are other jobs the claimant can
perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[2] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform light work and, more specifically, his past relevant light job as a music teacher specialist, is supported by

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

4

substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Vergos asserts two reasons why the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence), namely, the ALJ's RFC determination is not supported by substantial evidence and the ALJ erred to reversal in failing to find that his major depressive disorder and attention deficit disorder are severe impairments. Because the undersigned finds that the ALJ erred to reversal with respect to Plaintiff's first assignment of error, the Court has no reason to address Vergos' second assignment of error. *See Pendley v. Heckler,* 767 F.2d 1561,

---

[3] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Security Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Security,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also Davison, supra,* 370 Fed.Appx. at 996 ("An ALJ makes an RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach."); 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from []

6

impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . .").

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[4] However, in order to find the

---

[4] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ **could have** relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is (Continued)

ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

In this case, the Court finds that the ALJ's RFC assessment cannot be found to be supported by substantial evidence inasmuch as the ALJ does not explain, when summarizing the evidence of record and articulating the required linkage, how the medical evidence (or other evidence of record) related to Plaintiff's admittedly severe impairment of degenerative disc disease supports each component of her RFC assessment. Here, of course, the ALJ determined that Vergos retains the residual functional capacity "**to perform light work as defined in 20 CFR 404.1567(b), except only occasional climbing, balancing and stooping; no kneeling, crouching or crawling; and no**

---

unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

**exposure to unprotected heights or hazardous machinery**." (Tr. 60 (emphasis in original)). In defining light work, § 404.1567(b) specifically recognizes that "a job is in this category when it requires a ***good deal of walking or standing***," *id.* (emphasis supplied), and SSR 83-10 goes on to explain that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. Thus, in finding that Vergos retains the residual functional capacity to perform light work as defined in § 404.1567(b), the ALJ effectively determined that the evidence establishes that Plaintiff can walk or stand a total of 6 hours out of an 8-hour workday. However, the insurmountable problem for the ALJ in this case is that she nowhere in her opinion specifically "links" the "standing or walking" component of her RFC determination to substantial evidence in the record.[5] Indeed, the ALJ spends the entirety of her decision attempting to "refute" the findings and/or opinions of not only Vergos' various treating physicians but, more importantly, the Commissioner's own record reviewing physicians' standing/walking limitations (*see* Tr. 67-73),[6] without pointing to specific evidence in the record which substantially supports her determination that Plaintiff can stand or walk 6

---

[5] The ALJ's conclusory intonation of "light work" without specific findings regarding each RFC component of light work is particularly troublesome in a case, like the instant one, "centered" on the Plaintiff's physical abilities to stand and walk.

[6] While it may well have been appropriate for the ALJ to accord "[g]reat weight . . . [to] the medical expert who reviewed the record and determined the claimant could perform work activity at least at the light exertional level," (Tr. 72) had the medical expert (that is, Dr. Jared Reaves) actually reached that determination, the medical expert's Medical Source Statement actually reflects standing and walking findings inconsistent with light work (*see* Tr. 662 (Dr. Reaves' unequivocal findings, upon review of the medical evidence, that Vergos can stand and walk one hour each, both at one time and total in an 8-hour workday)). Accordingly, the ALJ's determination in this regard is not only inconsistent with the evidence of record but is a bald misrepresentation of the evidence of record.

(Continued)

9

hours out of an 8-hour workday.⁷ And that such substantial evidence does not exist in this case is clear inasmuch as the evidence of record supports the findings of the reviewing physicians that Vergos, at best, can stand/walk a total of two (2) hours out of an 8-hour workday, including the objective findings of decreased range of motion of the lumbar spine, antalgic gait and osteoarthritic changes in both hips, and Plaintiff's chronic pain, as noted by Dr. Eugene Saiter in his record review of April 1, 2015 (*see* Tr. 134-36; *compare id. with* Tr. 538-63). In addition, the objective findings of the treating physicians have not gotten better since Dr. Saiter's review but, instead, much worse, with consistent findings including those that Dr. Saiter noted (that is, decreased range of motion of the lumbar spine, antalgic gait, and chronic pain—*see, e.g.,* Tr. 601, 605, 611, 614, 617, 619 & 714) but, as well, objective findings of tenderness to palpation of the paraspinal musculature (Tr. 595, 601, 605, 611, 701, 704, 706, 708, 710), positive straight leg raise bilaterally (Tr. 611, 614, 617, 619, 714), and occasional other positive objective signs (*see, e.g.,* Tr. 614, 617, 710 & 714 (lumbar facet loading positive and cogwheel sign positive on September 24, 2015, October 23, 2015, December 18, 2015, and December

---

⁷ As for Plaintiff's activities of daily living, none of the activities the ALJ highlights (*see* Tr. 65 ("Dr. Brutkiewicz noted the claimant had 3 heavy satchels full of documents at his visit in August 2014, which suggests he can lift/carry at the light exertional level. [] The record establishes that the claimant was able to vacuum in March 2015 per Exhibit 21F, and there is no persuasive evidence of functional decline since then. In April 2015, Dr. Davis noted the claimant enjoys playing piano and performs all of the domestic activities in the home, although he must accomplish them slowly. [] The claimant also told Dr. Linton that he attended a family wedding in Birmingham, Alabama at his May 2016 visit. [] In early 2016, the claimant told Dr. Brutkiewicz that his only pleasure is from playing the piano. He also attended a great nephew's christening because he was the godfather, but he just barely could get through that. [] The evidence establishes that the claimant can still play the piano, a skilled work related activity . . . .")) "speaks" to Vergos' ability to stand and/or walk 6 hours out of an 8-hour workday; therefore, the daily activities evidence relied upon by the ALJ does not supply substantial evidence in support of all of the findings attendant to the ALJ's RFC determination of light work (namely, that Plaintiff is capable of walking/standing for 6 hours out of an 8-hour workday).

(Continued)

10

30, 2015 examinations); Tr. 701, 703, 706 & 708 (positive facet loading sign on January 27, 2016, February 23, 2016, April 25, 2016, and June 21, 2016 examinations);[8] *cf.* Tr. 716 (open MRI on January 5, 2016, revealed mild bilateral foramen encroachment at L3-L4 and L4-L5 because of a disc bulge and mild right lateral recess and right foraminal encroachment at L5-S1 because of a rightward disc protrusion)).[9] And since the objective findings of the treating physicians has worsened since Dr. Saiter's April 1, 2015 review of the medical evidence of record, it cannot be said that the limitations on Plaintiff's ability to walk and stand would have (or have) improved since April of 2015.[10]

In light of the problems identified above, this Court cannot find that the ALJ's RFC assessment—particularly, the standing and walking component of that assessment—

---

[8] As well, Plaintiff's complaints of chronic pain are confirmed by the administration of various injections (*see, e.g.,* Tr. 592, 597, 615 & 712) and the heavy narcotics prescribed (*see, e.g.,* Tr. 618 (Percocet prescribed on September 24, 2015); Tr. 613 (Percocet prescription continued on October 23, 2015); Tr. 612 (Percocet continued on November 20, 2015); Tr. 695 (reflecting prescriptions for Percocet and MS Contin in June and July of 2016)). Percocet 10/325 is a narcotic/opioid pain medication prescribed for the relief of moderate to severe pain, *see* https://www.drugs.com/mtm/percocet-10-325.html (last visited, June 4, 2019, at 11:05 a.m.), MS-Contin is an extended-release opioid "indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate." https://www.rxlist.com/ms-contin-drug.htm#indications (last visited, June 4, 2019, at 1:20 p.m.).

[9] The undersigned would note that Plaintiff testified during the September 9, 2016 administrative hearing that he cannot stand for any period of time and must constantly shift his positions (Tr. 111-12) and, as well, consistently reported on March 16, 2015 that he can only stand 10-15 minutes at a time, can walk only twelve steps before resting for five minutes, and must frequently change positions (Tr. 262; *compare id. with* Tr. 251-54 (the report of Plaintiff's brother, dated March 13, 2015 and identifying the standing and walking difficulties experienced by his brother)).

[10] Undoubtedly, this is why Dr. Reaves, the Commissioner's own expert, concluded on July 6, 2016, that Plaintiff can only stand and walk one hour each (both at one time and "totally") in an 8-hour workday. (*See* Tr. 662.)

(Continued)

provides an articulated linkage to substantial medical (and other) evidence of record,[11] and, therefore, this cause need be remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision. Stated somewhat differently, the ALJ has failed to provide this Court with sufficient reasoning for determining that the proper legal analysis has been conducted.

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 10th day of June, 2019.

                        s/P. Bradley Murray
                        **UNITED STATES MAGISTRATE JUDGE**

---

[11] The linkage requirement is simply another way to say that, in order for this Court to find that an RFC determination is supported by substantial evidence, ALJs must "show their work" or, said somewhat differently, show *how* they applied and analyzed the evidence to determine a plaintiff's RFC. *See, e.g., Hanna*, 395 Fed. Appx. at 636 (an ALJ's "decision [must] provide a meaningful basis upon which we can review [a plaintiff's] case"); *Ricks*, 2012 WL 1020428, at *9 (an ALJ must "explain the basis for his decision"); *Packer*, 542 Fed.Appx. at 891-892 (an ALJ must "provide *enough reasoning* for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole[]" (emphasis added)). Thus, by failing to "show h[er] work," the ALJ has not provided the required "linkage" between the record evidence and his RFC determination necessary to facilitate this Court's meaningful review of her decision.